## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BOBBY CLEVENGER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | 8:08CV106 |
| vs. | ) | |
| | ) | ORDER |
| **GLOBAL INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Following a discussion with counsel on July 17, 2009,

**IT IS ORDERED:**

1. A settlement conference shall be held before the undersigned with counsel and representatives of the parties on **July 24, 2009, at 10:00 a.m.** in Courtroom No. 7, Second Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The parties' representatives and/or counsel shall be prepared to participate and negotiate a settlement of this case during the conference in accordance with the following paragraphs.

2. Unless excused by the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. In this case, a representative for the defendant is permitted to appear by telephone.

3. Prior to the settlement conference proceedings, counsel shall discuss settlement with their respective clients and insurance representatives, and opposing counsel so the parameters of settlement have been explored well in advance of the settlement conference. If as a result of such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with the undersigned and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be canceled or postponed. If such a conference is sought, it shall be sought soon enough that fees and expenses otherwise to be incurred

in the convening of a settlement conference can be avoided, normally at least two working days before the settlement conference.

    4. A settlement conference statement of each party shall be submitted directly to the undersigned **no later than July 22, 2009,** setting forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that may have been conveyed. Copies of such settlement conference statements are to be promptly transmitted to all counsel of record. The settlement conference statement may not exceed five (5) pages in length and will not be made a part of the case file.

    5. Neither the settlement conference statements nor communications of any kind occurring during the settlement conference shall be used by any party with regard to any aspect of the litigation or trial of the case.

    6. In the event the case does not settle, a final pretrial conference will be held immediately following the conclusion of any settlement negotiations. **On or before July 23, 2009,** counsel are directed to provide to the undersigned magistrate judge a copy of the final agreed on draft of the proposed final pretrial order. The copy may be delivered to the undersigned's chambers, e-mailed to the undersigned at *thalken@ned.uscourts.gov*, faxed to the undersigned's office (402-661-7345), or mailed to the undersigned magistrate judge.

    DATED this 17th day of July, 2009.

                              BY THE COURT:

                              s/Thomas D. Thalken
                              United States Magistrate Judge